GIDEON v. ENOREE MANUFACTURING COMPANY.

1. MASTER AND SERVANT—NEGLIGENCE—NONSUIT.—It being customary in cotton factories to fan off the looms while the machinery is in motion, no injury having resulted from such course, and some advantages to employees attending it, a weaver in a factory who lost her forefinger while so engaged was properly nonsuited in action for damages against her master.

Before FRASER, J., Spartanburg, October, 1894.

Mr. Justice Pope being too unwell to sit at the hearing of this

appeal, he took no part in the decision. It was an action by Cora Gideon against the Enoree Manufacturing Company, commenced June 21, 1893, to recover damages for injuries received by her on February 7, 1891, resulting in the loss of her forefinger. From an order of nonsuit, plaintiff appealed.

*Mr. Stanyarne Wilson,* for appellant.

*Messrs. Nicholls & Jones,* contra.

August 19, 1895. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. This was an action to recover damages sustained by the plaintiff, while working as a weaver in the mill of the defendant company. The immediate cause of the injury received by the plaintiff was the fact that her finger was caught in the machinery while fanning off the loom, in order to keep it clean and clear of lint. This fanning was required to be done while the machinery was running, for the reasons—one to save time, and the other that the breeze raised by the rapid motion of the machinery aided in freeing the machinery from lint.

The only negligence alleged against the defendant, was in requiring the machinery to be fanned while in motion, instead of stopping it for that purpose. There is no doubt that the plaintiff knew of this requirement, and, after such knowledge, continued in the employment of the company; and, according to the testimony, after she had recovered from the injury complained of, she voluntarily returned to the employment of the defendant company. Indeed, the testimony on part of the plaintiff shows that the universal practice in other mills, in that section of country, was to have the machinery fanned while running, and not to stop them for that purpose; and there is no evidence tending to show that such a practice was regarded as dangerous, but rather the contrary, as the testimony shows that no injury has ever resulted from such practice, except, perhaps, in a single instance, occurring in another mill, where a person was injured by fanning the machinery while in motion, but the circumstances attending that injury do not appear. Of course, the management of machinery

of all kinds is always attended with more or less danger; but when it appears from the testimony, as it does in this case, that the weavers were required to fan off the machinery "sometimes over twice a day," and no disaster of this kind had ever previously occured in the mill, it would be going very far indeed, to hold that the requirement to fan the machinery while in motion, constituted any evidence of negligence—especially when it is remembered that the reasons for this requirement were really in the interest of the operatives; as time saved and good and clean work secured, benefited such of them as worked, not by the day, but by the piece, as this plaintiff says she did. We agree, therefore, that there was no evidence of any negligence on the part of the defendant in this case, and there was no error in granting the nonsuit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.